

IN THE
TENTH COURT OF APPEALS

———————

No. 10-16-00271-CV

IN RE JERRY A. BULLIN, INDIVIDUALLY, CJB PARTNERS, LTD.,
AND ITS GENERAL PARTNER CJB PARTNERS MANAGEMENT,
LLC, AND BRE GROUP, LTD

———————

Original Proceeding

and

No. 10-16-00343-CV

IN RE TEXAS PRIVATE SCHOOLS FOUNDATION, INC. D/B/A
ALLEN ACADEMY

———————

Original Proceeding

## DISSENTING OPINION

This pair of mandamus proceedings presents an interesting problem. The problem is record related. Some people would characterize the problem as procedural. Some people would characterize the problem as a merits related, or substantive, issue. But both

relators and the real-parties-in-interest, which are reversed in the two proceedings, believe, based upon statements in their briefing, that we have in front of us Bullins' tax returns that have not been redacted for the years 2008 to 2013, inclusive. We do not. I would order the nominal party to these proceedings, the respondent trial court judge, to forward to this Court the documents tendered for in-camera review.

In another proceeding, we had a similar problem in endeavoring to determine what documents were actually tendered to the trial court that were still at issue in the discovery dispute. In a very detailed order, we specified the procedure to make sure that we were looking at the documents that were in issue. A copy of that order is attached to this dissenting opinion as an appendix. We ordered the party in possession of the documents to prepare a tabbed notebook and present it to the respondent trial court judge, and ordered the judge to certify that those were the documents he had been tendered, reviewed, and upon which his discovery order was based. He forwarded that notebook directly to this Court. In this manner, this Court knew for certain that the documents we were reviewing in camera were the same documents tendered to the trial court for in camera review.

There is no specified procedure for how documents tendered in camera are maintained in the trial court and then submitted to the appellate court at the appropriate time if needed. There is a sub-committee of the Texas Supreme Court Rules Advisory Committee that is examining this procedural problem. But lacking a clear procedure,

neither of these parties should suffer a summary denial of their mandamus petition simply because they are both operating under the misconception that the documents tendered for review by the trial court mysteriously made their way to the appellate court in this mandamus proceeding. They did not.

Thus, I cannot join the denial of these mandamus petitions at this time. Without seeing what both parties think is in front of us, and without the Court notifying the parties of this issue and ordering that the materials be placed before us in some fashion, I must respectfully dissent to the denial of the petitions at this time.


                    TOM GRAY
                    Chief Justice

Dissenting opinion issued and filed August 2, 2017





# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-16-00374-CV

## IN RE MID-CENTURY INSURANCE COMPANY

---

## Original Proceeding

---

## ORDER

---

Relator's Petition for Writ of Mandamus was filed on November 9, 2016. Relator submitted over 1200 pages to the trial court and this Court for an in-camera review. The privilege log submitted with the petition identifies approximately 500 pages.

Relator is Ordered to prepare a privilege log for only the documents that remain in dispute in this proceeding and attach a hard copy of each document; the privilege log must be placed in a notebook(s) which must also contain the hard copy of each document identified in the privilege log; and each in-camera document submitted in the notebook(s) must be separated by a tab numbered to match the line item of the description in the privilege log.

The completed notebook(s) must be delivered to the trial court within 21 days of the date of this Order. Within 21 days of the date of receipt of the notebook(s), the trial court must verify that the documents contained in the notebook(s) are the same documents that the trial court ordered produced. The notebook(s) must then be forwarded to this Court directly from the trial court within 7 days from the date of the trial court's verification as described above.

The failure of relator to comply with this Order will result in the dismissal of relator's petition.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Order issued and filed February 8, 2017

